WILLIAM J. PORTANOVA, State Bar No. 106193
Attorney at Law
400 Capitol Mall, Suite 1100
Sacramento, CA 95814
Telephone: (916) 444-7900
Fax: (916) 444-7998
Portanova@TheLawOffices.com
www.TheLawOffices.com

Attorney for Charles Hilkey

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                            )<br>                    Plaintiff,             )<br>                                                            )<br>           v.                                          )<br>                                                            )<br>                                                            )<br>CHARLES HILKEY,                            )<br>                                                            )<br>                    Defendant.          )<br>_____) | Case No. 2:09-CR-412  LKK<br><br>**NOTICE OF MOTION AND MOTION TO CONTINUE SENTENCING AND POINTS AND AUTHORITIES AND  ORDER**<br><br><br>Date:   November 6, 2012<br>Time:  9:15 a.m.<br>Dept:   The Hon. Lawrence K. Karlton |

**TO:   THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE  UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF CALIFORNIA:**

With the Court's permission, please take notice that on the above listed date and time, or as soon thereafter as the matter may be heard, the defendant, Charles Hilkey, through his counsel, attorney William Portanova, will and hereby does move the Court to continue the defendant's sentencing date, presently set for November 6, 2012 at 9:15 a.m.

This motion is necessary due to the fact that Mr. Portanova has been only recently retained and has not yet received either the former attorney's file nor any discovery from the government and is therefore unable to adequately prepare for sentencing or to advise Mr. Hilkey in any meaningful way.

1

  The Sixth Amendment affords Mr. Hilkey the right to retain the counsel of his choice and Mr. Portanova was retained only thirteen days ago.  Given the scope of discovery and the complexity of several complex and serious pending matters relating to Mr. Hilkey's sentencing, a continuance of Mr. Hilkey's sentencing is justified and necessary.

  This motion is based upon the attached Memorandum of Points and Authorities, the records and files in this action, and such oral and documentary evidence as may be adduced at the hearing on this matter.

Dated:  November 1, 2012

                /s/ William J. Portanova
                _____
                WILLIAM J. PORTANOVA
                Attorney for Defendant
                Charles Hilkey

# INTRODUCTION

Charles Hilkey has pleaded guilty to growing over 200 marijuana plants on or near his property in Nevada City. He is awaiting sentencing. His sentencing range under the Guidelines is 57-71 months, and that exposure is expected to be reduced in exchange for Mr. Hilkey's voluntary forfeiture of over $2.1 million dollars in real property. Mr. Hilkey has been out on a secured bond, and, according to Pre-Trial Services, has been exemplary in his compliance with the terms and conditions of his Pre-Trial release.

However, in mid-October, 2012, AUSA Michael Beckwith succeeded in having Mr. Hilkey arrested by filing a Motion to Revoke his Pre-Trial Release. After several days in custody, and with his own attorney in trial in Southern California, Mr. Hilkey retained attorney Portanova.

After several court appearances and a contested hearing before the Honorable Dale A. Drozd, the Motion to Revoke Pre-Trial Release was determined to be without merit and / or was unprovable and was withdrawn by the government and Mr. Hilkey was re-released.

Mr. Portanova represented Mr. Hilkey in the contested hearing, which began on October 24 and finally concluded on October 26. The result was that Mr. Hilkey was once again released pending sentencing. Sentencing is currently scheduled for November 6. Mr. Portanova seeks a continuance until January 15, 2013.

The defendant seeks a continuance of his sentencing to provide his counsel with time to obtain either the prior attorney's file and/or the government's discovery so that he may review the files and address certain contested factual and legal issues which are material to the matter of Mr. Hilkey's sentencing.

# ARGUMENT

**I. THIS COURT SHOULD GRANT THE CONTINUANCE TO ALLOW COUNSEL TO ADEQUATELY PREPARE.**

This court needs no lesson from the undersigned counsel on Sixth Amendment issues concerning the right to the aid of counsel and the following brief argument is provided as a formality. It is "fundamental." *Gideon v. Wainright*, 372 U.S. 335, 342-43 (1963).

3

Inherent in this right is the right of a criminal defendant to retain the counsel of his choosing. *Caplin & Drysdale v. United States*, 491 U.S. 617, 624-25 (1989). Courts recognize a presumption in favor of defendant's counsel of choice. *Wheat v. United States*, 486 U.S. 153, 164 (1988), and further permit a defendant to take such actions as are necessary to retain his counsel of choice. *Chandler v. Tretag*, 348 U.S. 3, 9 (1954).

As the court noted in *Morris v. Slappy*, 461 U.S. 1, 21 (1983):

> As we noted in *Faretta* v. *California*, 422 U.S. 806, 834 (1975), "[the] right to defend is personal." It is the defendant's interests, and freedom, which are at stake. Counsel is provided to assist the defendant in presenting his defense, but in order to do so effectively the attorney must work closely with the defendant in formulating defense strategy. This may require the defendant to disclose embarrassing and intimate information to his attorney. In view of the importance of uninhibited communication between a defendant and his attorney, attorney-client communications generally are privileged. See *Upjohn Co.* v. *United States*, 449 U.S. 383, 389 (1981). Moreover, counsel is likely to have to make a number of crucial decisions throughout the proceedings on a range of subjects that may require consultation with the defendant. These decisions can best be made, and counsel's duties most effectively discharged, if the attorney and the defendant have a relationship characterized by trust and confidence. <u>In recognition of the importance of a defendant's relationship with his attorney, appellate courts have found constitutional violations when a trial court has denied a continuance that was sought so that an attorney retained by the defendant could represent him at trial.</u> (Emphasis added to the original).

Mr. Hilkey has a constitutional right to retain counsel of his choice. Here, Mr. Hilkey has exercised that right by retaining Mr. Portanova, who requires additional time to at obtain the file or the discovery, and to properly prepare the matter for Mr. Hilkey.

There are several outstanding issues in the case, all specifically related to the sentencing of Mr. Hilkey, including but not limited to the terms of the Plea Agreement, the performance of Mr. Hilkey in the voluntary forfeiture of numerous parcels of real estate to the government in exchange for a reduced sentence, and a confusing asset forfeiture process that, to date, is incorrect and incomplete.

Therefore, consistent with the spirit of the Sixth Amendment, which strongly favors allowing substitution of attorneys, this Court should grant this continuance to allow Mr. Portanova sufficient amount of time to prepare.

4

## II. MR. HILKEY'S SUBSTITUTION OF COUNSEL WAS NECESSARY DUE TO A BREAKDOWN IN COMMUNICATION WITH FORMER COUNSEL

A breakdown in communication between client and counsel is proper ground for substituting counsel. *Martel v. Clair*, 132 U.S. 1276, 1287 (2012). Here, a breakdown in communication with Mr. Hilkey's former attorney had occurred. Mr. Hilkey had been suddenly arrested and remained in custody at a time when his own counsel was unable to travel to Sacramento due to his court commitments in another jurisdiction. In the absence of such communication, Mr. Hilkey obtained new counsel.

Moreover, "Attorneys are different, and their differences can influence the defense presented by the defendant. Therefore, a defendant is afforded an opportunity to select an attorney." *United States v. Nichols*, 841 F.2d 1485, 1502. Likewise, in *Faretta v. California*, 422 U.S. 806, 820 (1975), the Supreme Court held that the allocation of responsibilities between a defendant and his counsel "can only be justified…by the defendant's consent, at the outset, to accept counsel as his representative. An unwanted counsel 'represents' the defendant only through a tenuous and unacceptable legal fiction."

Mr. Hilkey had a valid and legitimate reason in seeking alternative counsel, that is, failure of communication with his former attorney.

## CONCLUSION

For the above stated reasons, it is respectfully requested that the Court grant the defendant's request for a continuance to January 23, 2013, which is the next available date following the holidays. Any shorter continuance will not be adequate for new counsel to properly prepare.

//
//
//
//

This continuance will allow counsel sufficient time to review the case so as to be able to comply with his legal and ethical duties to competently, zealously, and diligently represent Mr. Hilkey during one of the most critical stages of the litigation.

Dated:  November 1, 2012                    Respectfully submitted,

/s/ William J. Portanova

WILLIAM J. PORTANOVA
Attorney for Defendant
Charles Hilkey

**IT IS SO ORDERED.**

**DATED:   November 5, 2012**

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

6