UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>CHARLES MILLER HILKEY, JR.,<br><br>Movant. | No. 2:09-cr-0412 LKK KJN P<br><br><br><br>ORDER |

Movant is a federal prisoner proceeding through counsel with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant's motion for permission to file a separate, supplemental § 2255 motion came on regularly for hearing on April 24, 2014. Benjamin Ramos appeared for movant. Michael M. Beckwith, Assistant United States Attorney, appeared for respondent. Upon review of the motion and the documents in support and opposition, upon hearing from counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. Motion to Supplement

    A. The Original § 2255 Motion

On November 25, 2013, movant filed a 103 page § 2255 motion without counsel. (ECF No. 200.) In his § 2255 motion, movant alleges that the government breached the plea agreement in numerous ways after the plea agreement was entered, and during sentencing. (ECF No. 200 at

1

14.) Movant claims he suffered a longer sentence and increased property forfeitures. (ECF No. 200 at 14.)

### B.  The Instant Motion

Movant's counsel seeks leave to file a supplemental § 2255 motion to include a new claim that either movant's counsel was ineffective and/or that the government breached the plea agreement by failing to agree to accept a lesser amount for APN 61-070-08.[1]  (ECF No. 217.)  At the hearing, counsel conceded that the proposed new claim is untimely and barred by the statute of limitations unless the court finds that the new claim relates back to the original motion.

In Mayle v. Felix, the United States Supreme Court held that "[a]n amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  545 U.S. 644, 650 (2005).  Recently, the Ninth Circuit clarified the application of Mayle:  "the 'time and type' language in Mayle refers not to the claims, or grounds for relief.  Rather, it refers to the facts that support those grounds."  Ha Van Nguyen v. Curry, 736 F.3d 1287 (9th Cir. 2003) (Nguyen's asserted grounds for relief -- cruel and unusual punishment, double jeopardy, and appellate-counsel ineffective assistance of counsel for failing to raise double jeopardy -- are supported by a common core of facts that were clearly alleged in the original pleading.)  Compare Hebner v. McGrath, 543 F.3d at 1133, 1139 (9th Cir. 2008) (finding no relation back where the two claims were a challenge to the admission of testimony and a challenge to a jury instruction).

### C.  Discussion

In the pro se motion, movant generally alleges that the government breached the plea agreement in "numerous ways" after the plea agreement was entered, and claims that he suffered "increased property forfeitures."  (ECF No. 200 at 14.)  Such a general statement cannot be construed to raise every conceivable challenge.  However, movant expressly set forth the facts supporting the proposed new claim in his affidavit filed in support of the motion.  (ECF No. 200 at 94-95.)  Movant declares he signed the plea agreement without any changes made to the parcel

---

[1] Movant's counsel also claims that other claims may be discovered; however, such claims were not specifically argued, and are therefore not subject to this motion.

1   number or the price ($147,669.00), "based upon Mr. Nick's repeated assurances that he had a side
2   deal with AUSA Beckwith that the document would be interpreted to allow [movant] to buy back
3   the entire 127 acre property for a total price of $141,667.00 not the $325,000.00." (ECF No. 200
4   at 94.)  Movant declares that Mr. Nick "assured [movant] he had successfully negotiated with
5   AUSA Beckwith a deal for . . . the right to buy back my home property of 127 acres for
6   $147,667." (ECF No. 200 at 96.)

7       The court finds that these facts are sufficient to relate back to the proposed new claim
8   under Nguyen, 736 F.3d at 1297, because the new claim is supported by the common core of facts
9   clearly alleged in movant's affidavit filed with the original motion.

10      Accordingly, the motion is partially granted to permit movant to pursue the proposed new
11  claim.  However, as explained at the hearing, the motion to merely supplement is denied.  Movant
12  is granted leave to file an amended § 2255 motion that clearly identifies movant's claims initially
13  raised in the original § 2255 motion, as well as the proposed new claim that movant's counsel
14  was allegedly ineffective or the government allegedly breached the plea agreement by failing to
15  agree to accept a lesser amount for APN 61-070-08.  While no page limit is imposed, movant's
16  counsel is reminded not to merely reiterate the pro se filing's irrelevant allegations.

17      II.  Motion to Compel Discovery

18      Although respondent's motion to compel discovery was not noticed for hearing, the court
19  discussed the pending motion and referred counsel to review the orders issued in United States v.
20  Neal, 2013 WL 708589 (E.D. Cal. Feb. 26, 2013), and United States v. Sewell, 2012 WL
21  5523234 (E.D. Cal. Nov. 14, 2012).  For the reasons discussed at the hearing, respondent's
22  motion to compel discovery is denied without prejudice.  The parties are encouraged to submit a
23  stipulation that refines the scope of the waiver and includes an appropriate protective order, but in
24  the event counsel are unable to agree, the court will entertain another motion.

25      IT IS HEREBY ORDERED that:

26      1. The motion for permission to supplement the § 2255 motion (ECF No. 217) is partially
27  granted;
28  ////

2. Respondent is relieved of its obligation to respond to the original § 2255 motion;

3. Within thirty days from the date of this order, movant shall file an amended § 2255 motion that complies with this order; respondent shall file a responsive pleading thirty days thereafter; and

4. Respondent's motion to compel discovery (ECF No. 216) is denied without prejudice.

Dated: April 28, 2014

/hilk0412.oah

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE