UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>CHARLES MILLER HILKEY, JR.,<br><br>Movant. | No.  2:09-cr-0412 LKK KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |
|---|---|

I. Introduction

  Movant is a federal prisoner proceeding through counsel with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1] On May 12, 2014, movant filed an amended § 2255 motion.  Respondent's June 11, 2014 motion to dismiss is presently calendared for hearing on July 24, 2014, at 10:00 a.m.  Pursuant to Local Rule 230(g), the court has determined that the matter will be submitted on the papers without oral argument.  Thus, the July 24, 2014 hearing is vacated.

  In 2012, movant pled guilty to conspiracy to manufacture at least 100 marijuana plants, and structuring transactions to evade reporting requirements.  Movant seeks post-conviction relief alleging, *inter alia*, that the prosecution committed prosecutorial misconduct and breached the

---

[1] This motion was assigned, for statistical purposes, the following civil case number:  2:13-cv-2467 LKK KJN P.

1

plea agreement.  For the reasons set forth below, the court finds that respondent's motion to dismiss should be granted, and the § 2255 motion should be dismissed.

II.  Movant's Amended § 2255 Motion

Movant raises the following claims in his amended motion:

1.  The indictment should be dismissed with prejudice based on prosecutorial misconduct and breach of the plea agreement due to the government's refusal to allow movant to buy back real property at fair market value.

2.  The government breached the plea agreement by not making the agreed upon sentencing recommendation in exchange for movant's substantial assistance.

3.  The government violated movant's Fourth Amendment rights by arresting him without probable cause, which was misconduct that warrants dismissal of the indictment.

4.  The government committed prosecutorial misconduct by insisting that movant was involved growing and processing marijuana after Magistrate Judge Drozd found no probable cause for that suspicion.

5.  The government committed prosecutorial misconduct by claiming that movant failed to provide "substantial assistance" under the plea agreement.

6.  The indictment should be dismissed because the government still refuses to acknowledge any wrongdoing.

(ECF No. 224.)

III.  Procedural History

On February 21, 2012, in conjunction with his plea agreement, movant was charged by information with conspiracy to manufacture at least 100 marijuana plants (21 U.S.C. §§ 846 and 841(1)(1) (count one)), and structuring transactions to evade reporting requirements (31 U.S.C. § 5324(a)(3) (count two).  (ECF No. 99.)  The information also included a forfeiture allegation under 21 U.S.C. § 853(a) and 31 U.S.C. § 5317(c)(1).

Movant pled guilty to counts one and two on February 21, 2012.  (ECF Nos. 101; 194 at 11.)  The plea agreement provided for the voluntary and immediate forfeiture of "any and all

////

assets subject to forfeiture pursuant to 21 U.S.C. § 853(a) and 31 U.S.C. § 5317(c)(1)," which included, but was not limited to, the following property:

> a) Real property located at 18810 Mandala Star Road, Nevada City, California, Nevada County, APN: 62-050-22;
>
> b) Real property located on Patterson Mine Road, Nevada City, California, Nevada County, APN: 61-140-77;
>
> c) Real property located at 20012 Sky Ridge Place, Nevada City, California, Nevada County, APN: 62-300-04;
>
> d) Real property located at 17171 Patterson Mine Road, Nevada City, California, Nevada County, APN: 61-070-26;
>
> e) Real property located at 15457 Tyler Foote Crossing Road, Nevada City, California, Nevada County, APN: 61-140-61;
>
> f) Real property located at 15595 Tyler Foote Crossing Road, Nevada City, California, Nevada County APN: 61-140-54;
>
> g) Real property located at 24271 Hoyt Crossing Road, Nevada City, California, Nevada County, APN: 60-360-15;
>
> h) Approximately $90,830 in U.S. Currency seized at 16212 Badger Hill Road, Nevada City, California;
>
> i) Real property located on Holcomb Springs Road, Gold Hill, Oregon, Jackson County, Map No. 353W25, Tax Lot 700;
>
> j) Real property located on Pelton Lane, Gold Hill, Oregon, Jackson County, Map No. 353W24, Tax Lot 600; and
>
> k) Real property south of Tyler Foote Road, Nevada City, California, Nevada County, APN: 61-140-64.

(ECF No. 101 at 5-6.)

The government's sentencing memorandum and motion under Guideline Section 5K1.1, is dated January 20, 2013. (ECF No. 224-14.) The government noted movant's extensive forfeiture of property. (ECF No. 224-14 at 3.) In light of movant's "partial cooperation," the government asked the court for a downward departure from a sentence of 60 months to a sentence of 49 months. (ECF No. 224-14 at 5.)

On January 23, 2013, movant was sentenced to 49 months on each count, to run concurrently, for a total term of 49 months in prison, and a 48 month total term of supervised release. (ECF No. 163.) The judgment of conviction was entered on January 29, 2013. (ECF No. 170.) The district court ordered that movant forfeit to the United States his interest in the

3

property listed in the Preliminary Order of Forfeiture filed May 24, 2012.  (ECF No. 170 at 6, citing ECF No. 110.)  The Preliminary Order of Forfeiture identified the specific property as:

> a) Real property located at 18810 Mandala Star Road,
> Nevada City, California, Nevada County, APN: 62-050-22;
>
> b) Real property located at 20012 Sky Ridge Place,
> Nevada City, California, Nevada County, APN: 62-300-04;
>
> c) Real property located at 17171 Patterson Mine Road,
> Nevada City, California, Nevada County, APN: 61-070-26;
>
> d) Real property located at 15457 Tyler Foote Crossing Road,
> Nevada City, California, Nevada County, APN: 61-140-61;
>
> e) Real property located at 15595 Tyler Foote Crossing Road,
> Nevada City, California, Nevada County APN: 61-140-54;
>
> f) Approximately $90,830 in U.S. Currency seized at
> 16212 Badger Hill Road, Nevada City, California;
>
> g) Real property located on Holcomb Springs Road, Gold Hill,
> Oregon, Jackson County, Map No. 353W25, Tax Lot 700;
>
> h) Real property located on Pelton Lane, Gold Hill, Oregon,
> Jackson County, Map No. 353W24, Tax Lot 600; and
>
> i) Real property south of Tyler Foote Road, Nevada City,
> California, Nevada County, APN: 61-140-64.

(ECF No. 110 at 1-2.)

Movant did not file an appeal.

On November 25, 2013, movant filed, without counsel, a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 200.)  On April 28, 2014, movant was granted leave to file an amended § 2255 motion.  (ECF No. 223.)  On May 12, 2014, movant filed an amended § 2255 motion.  (ECF No. 224.)  On June 11, 2014, respondent filed the instant motion to dismiss; movant filed an opposition on June 20, 2014; on July 17, 2014, respondent filed a reply.  (ECF Nos. 225, 226, 228.)  Movant filed corrected exhibits on June 25, 2014.  (ECF No. 227.)

IV. <u>Factual Basis for the Plea</u>

> On September 9, 2009, law enforcement officers executed several search warrants on properties owned by Charles Miller Hilkey, Jr. On the defendant's properties officers found over 200 marijuana

4

>plants, several pounds of processed marijuana, marijuana growing equipment, over 143,000 in cash, ammunition and a firearm.
>
>The defendant admits that between May 7th, 2006, and September 9th, 2009, there was an agreement between the defendant and several other persons to manufacture over 100 marijuana plants. The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish that object.
>
>The defendant also admits that between May 7, 2006, and September 9, 2009, he and at least two other people structured (or assisted in structuring) over $859,000 in numerous transactions with one or more domestic financial institutions, usually local post offices in Nevada County, California, for the purpose of evading reporting requirements of Title 31, United States Code, Sections 5313(a) and 5325, and the regulations promulgated thereunder.

(ECF Nos. 101 at 18; 194 at 26-27.)

V. Legal Standards

>Title 28 U.S.C. § 2255 provides that:
>
>[a] prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id. A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts. When this standard is satisfied, neither a hearing nor a response from the government is required. See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985).

VI. Discussion

    A. Waiver

Movant pled guilty to counts one and two of the information. The plea agreement was filed with the court on February 21, 2012. (ECF No. 101 at 14.) Respondent moves to enforce the plain terms of the plea agreement, and dismiss the § 2255 motion based on movant's express waiver of his right to file an appeal and a § 2255 motion. Petitioner contends that he did not

1 waive his constitutional right to enforce the terms of the plea bargain; that is, in light of the
2 government's alleged breach of the plea agreement, the motion to enforce his due process rights
3 is properly filed.

4       A plea agreement is a contract and subject to contract law standards. United States v.
5 Trapp, 257 F.3d 1053, 1056 (9th Cir. 2001).  In a plea agreement, a defendant may waive his
6 right to file a motion for relief under 28 U.S.C. § 2255 if done so expressly.  United States v.
7 Nunez, 223 F.3d 956, 959 (9th Cir. 2000); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir.
8 1994).  The right to collaterally attack a judgment of conviction pursuant to § 2255 is statutory,
9 and a knowing and voluntary waiver of a statutory right is enforceable.  United States v.
10 Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005), overruled on other grounds by United States v.
11 Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007) (en banc); United States v. Abarca, 985 F.2d
12 1012, 1014 (9th Cir. 1993) ), cert. denied, 508 U.S. 979 (1993) (allowing defendant to waive the
13 statutory right to file a § 2255 petition challenging the length of his sentence).  However, a
14 defendant may not waive an ineffective assistance of counsel claim[2] challenging the knowing and
15 voluntary nature of the plea agreement or the voluntariness of the waiver itself.  See Jeronimo,
16 398 F.3d at 1156 n.4; Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (a plea
17 agreement that waives the right to file a federal habeas petition pursuant to § 2254 is
18 unenforceable with respect to an ineffective assistance of counsel claim that challenges the
19 voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could
20 waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular
21 plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a
22 claim of ineffective assistance or involuntariness of the waiver).

23       Here, the plea agreement expressly waived movant's right to appeal and to file a collateral
24 attack:

25 > The defendant understands that the law gives him a right to appeal
> both his conviction and his sentence. He agrees as part of his plea,

---

[2] Although movant included ineffective assistance of counsel claims in his original petition filed without benefit of counsel, movant abandoned the ineffective assistance of counsel claims in his amended petition filed through new counsel. (ECF No. 225 at 3.)

> however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case.
>
> The defendant also gives up any right he may have to bring a post-conviction attack on his conviction or sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

(ECF No. 101 at 14.) In addition, within the section addressing the reduction of movant's sentence for his cooperation, the plea agreement states:

> In particular, the defendant agrees that he will not attempt to withdraw his plea -- by any means -- based on the fact that the government decides not to recommend a sentence reduction or recommends a sentence reduction less than the defendant thinks is appropriate.

(ECF No. 101 at 8-9.)

In addition to the written plea agreement signed by movant, when movant changed his plea to guilty, he acknowledged in open court that he was waiving his right to file an appeal, as well as a motion pursuant to 28 U.S.C. § 2255. (ECF No. 194 at 20.) The district court inquired further:

> THE COURT: And are you standing by your waiver of the right to file a motion attacking the sentence?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right. [¶] So what that means is, even if I ultimately impose a sentence more severe than you expect, that you're telling me that you're prepared not to appeal and not attack that sentence in any way. [¶] Is that correct?
>
> THE DEFENDANT: Yes, that is correct.

(ECF No. 194 at 20.) The district court then carefully reviewed with movant his constitutional rights, the essential elements of the charged offenses, and the factual basis for the plea; movant pled guilty, and the court continued:

> THE COURT: Having had this exchange with Mr. Hilkey, having observed his demeanor throughout, having listened carefully to his answers, having given him time to consult with his attorney and otherwise think about everything that is happening here this morning, I am prepared to accept Mr. Hilkey's plea of guilty.
>
> I find that his plea is knowing and voluntary, that it is supported by an independent basis in fact, and that the facts to which he's admitted support each of the essential elements of the two offenses

>charged in the Information.  Therefore, I do adjudge Mr. Hilkey guilty of the charged offenses in the Information.

(ECF No. 194 at 30.)

Thus, the record reflects that movant expressly waived his right to file an appeal and a collateral challenge to his conviction and sentence, and the plea colloquy in open court demonstrates that his waiver was knowing and voluntary.  Accordingly, the § 2255 motion should be dismissed.

### B.  Alleged Breach of Plea Agreement by the Government

Movant contends the government breached the plea agreement.  In his § 2255 motion, movant alleges that the government's agreement to sell to movant "APN 61-070-08 (for reasonable market value) was a crucial 'inducement' and consideration for the plea agreement that must be fulfilled under Santobello."  ECF No. 224 at 27, citing Santobello v. New York, 404 U.S. 257, 262 (1971).  Movant argues that the government "structured the plea agreement with wording granting the government sole and exclusive discretion whether to grant performance on this essential inducement for the plea agreement." (ECF No. 224 at 27.)  Moreover, with regard to the sentencing recommendation, movant contends that the "government's refusal to honor the plea agreement regarding the 5K1.1 sentencing recommendation indicates that the prosecutor was not fulfilling his duty to 'serve truth and justice first.'" ECF No. 224 at 35, citing United States v. Kojayan, 8 F.3d 1315, 1323 (9th Cir. 1993).

#### i.  Terms of Plea Agreement

The plain language of the plea agreement reflects that the two decisions challenged here, the buy-back provision, as well as the recommendations on sentencing, were left to the sole discretion of the government.  See United States v. Wade, 504 U.S. 181, 185-87 (1992) (discussing government's discretion in context of a substantial assistance provision in a plea agreement, and noting that "in both [18 U.S.C.] § 3553(e) and § 5K1.1 the condition limiting the court's authority gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted.").

////

As argued by respondent, the express terms of the plea agreement did not provide for movant to purchase the property based on its fair market value. Rather, the plea agreement reads:

> With regard to APN 61-070-08, the parties agree that the defendant will forfeit that property in its entirety as detailed in the Stipulations for Final Judgment of Forfeiture in the respective civil case, or pay the government a sum of $325,000 (or a lesser amount if the government[] decides a lesser amount is appropriate) in lieu of the forfeiture.

(ECF No. 101 at 7.) There is no mention of fair market value in this express provision, and the decision as to the purchase price is clearly left to the discretion of the government. In his motion, movant argues that the terms "or a lesser amount if the government . . . decides a lesser amount is appropriate" is vague and ambiguous. (ECF No. 224 at 22.) This court is not persuaded that these terms are vague or ambiguous. Rather, the terms make clear that the government retained sole discretion as to whether an amount less than $325,000 would be accepted.

The forfeiture of property was delineated in the plea agreement as well as the Preliminary Order of Forfeiture filed May 24, 2012, and during the change of plea hearing, it was noted that "there is significant forfeiture in this case." (ECF No. 194 at 12.) Moreover, movant confirmed in open court that no one made any other promises or different promises to get him to plead guilty. (ECF No. 194 at 12.) Thus, movant's contention that he was somehow denied the benefit of his plea bargain in connection with this buy back provision is unavailing because the plain language of the agreement arrogated the decision-making to the government.

Similarly, in connection with movant's claim that the government failed to recommend that movant's sentence be reduced by up to 50% of the guideline sentence, or make a proper motion pursuant to U.S.S.G. § 5K1.1, the plea agreement states:

> The government agrees to recommend at the time of sentencing that the defendant's sentence be reduced by up to 50% of the applicable guideline sentence **if** he provides substantial assistance to the government, pursuant to U.S.S.G. § 5K1.1. The defendant understands that he must comply with paragraph II.D of this plea agreement.[3] **The defendant understands that it is within the sole and exclusive discretion of the government to determine**

---

[3] Section II.D of the plea agreement sets forth movant's obligations to cooperate with the government and any other federal, state, or local law enforcement agency. (ECF No. 101 at 3-5.)

> **whether the defendant has provided substantial assistance.** The defendant understands that the government **may** recommend a reduction in his sentence of less than 50% **or no reduction at all**, depending upon the level of assistance the government determines that the defendant has provided. If the government's recommended reduction pursuant to § 5K1.1 is for a sentence below the statutory mandatory minimum, the government will also move the Court for a reduction below that minimum term, pursuant to 18 U.S.C. § 3553(e). The defendant further understands that a motion pursuant to U.S.S.G. § 5K1.1 is only a recommendation and is not binding on the Court, that **this plea agreement confers no right upon the defendant to require that the government make a § 5K1.1 motion**, **and that this plea agreement confers no remedy upon the defendant in the event that the government declines to make a § 5K1.1 motion.** In particular, the defendant agrees that he will not attempt to withdraw his plea -- by any means -- based on the fact that the government decides not to recommend a sentence reduction or recommends a sentence reduction less than the defendant thinks is appropriate.

(ECF No. 101 at 8-9 (emphasis added).) The plain language of this provision makes clear that discretion was left to the government in terms of whether movant's assistance was viewed as "substantial," and whether or not the government would even file a § 5K1.1. Here, the government did not expressly agree to file a motion for a 50% reduction in movant's sentence. Nor did the government refuse to file a § 5K1.1 motion. Rather, in light of movant's "partial cooperation," the government sought a downward departure from a sentence of 60 months to a sentence of 49 months. At sentencing, the government conceded that this was "a very modest reduction for the 5K1.1," but argued that the limited participation offered by movant, supported the request. (ECF No. 225-3 at 8.) The express language of the plea agreement demonstrates that the prosecution retained discretion in recommending, or not recommending, a particular downward departure.

Here, unlike in <u>Santobello</u>, there is a written plea agreement. Moreover, during the change of plea hearing, movant confirmed that no "other" or "different promises" were made to him to get him to plead guilty. (ECF No. 194 at 12.)

Because the express terms of the plea agreement did not obligate the government to allow movant to buy back the property for fair market value, or to recommend a 50% reduction in movant's sentence, the government's failure to do so does not constitute breach of the plea agreement.

10

### ii. Prosecution's Discretion

It is not improper for the prosecution to retain broad discretion in a negotiated plea agreement, and movant cites no authority suggesting that the prosecution cannot retain discretion over such matters. Indeed, a court may not grant relief based upon the government's refusal to file a § 5K1.1 motion unless the refusal was based on impermissible motives, constituted a breach of a plea agreement, or was not rationally related to a legitimate governmental purpose. United States v. Flores, 559 F.3d 1016, 1019 (9th Cir. 2009).

Here, the government did not refuse to file a § 5K1.1 motion; rather, the government's § 5K1.1 motion did not seek the reduction movant felt he deserved. Movant has not alleged any facts demonstrating that the prosecutor refused, based on an unconstitutional motive, such as race or religion (Wade, 504 U.S. at 185-86), to recommend a reduction in movant's sentence, or to allow movant to buy back the property. Rather, it appears that the parties were unable to negotiate a better price than the $325,000 price provided for in the plea agreement.

In addition, the government recommended the modest reduction in downward departure based on movant's limited assistance. See Flores, 559 F.3d at 1020 ("the absence of arrests, indictments, or convictions resulting from Defendant's information rendered his assistance insubstantial. . . .") During the sentencing hearing, the prosecution explained his reasons for the modest reduction he recommended. (ECF No. 225-3 at 18.)

Moreover, following argument concerning the downward departure at sentencing, the district judge remarked that "I honestly think that the government's got it pretty much right." (ECF No. 225-3 at 18.) In addition, movant was informed at his change of plea hearing that his sentence would be determined by the district court. (ECF No. 225-2 at 17, 19.)

This record does not support a finding that the prosecution acted with an improper motive breached the plea bargain, or was not rationally related to a legitimate governmental purpose.

### iii. Benefit of the Plea Bargain

Movant argues that he did not receive the benefit of the plea bargain, and contends that he could not have given up his right to challenge the government's alleged breach of the plea bargain by his agreement to waive his right to appeal or file a collateral challenge. Movant claims that

11

"this would mean that [movant] agreed to plead guilty under a completely illusory agreement with no assurance of any actual return benefit." (ECF No. 226 at 7.)

However, the record reflects that movant received a substantial benefit under the plea bargain. In the initial criminal complaint, movant was also charged with laundering monetary instruments, and the affidavit in support of the complaint stated that the investigation revealed a total of nine marijuana grows on nine separate pieces of real property. (ECF No. 1 at 13-26.) A subsequent indictment, issued September 24, 2009, charged movant with two counts of conspiracy to manufacture over 1,000 plants of marijuana, as well as conspiracy to launder monetary instruments. (ECF No. 20 at 1-3.) The presentence report noted that if movant were convicted under the indictment, movant would have faced a mandatory minimum sentence of ten years, a $4,000,000 fine, and at least a five year term of supervised release. (Presentence Report ("PSR") at 15.)

Moreover, the PSR confirmed that movant faced a maximum term of imprisonment of 40 years as to count one, and ten years as to count two. The statutory minimum term of imprisonment for count one was five years. (PSR at 14.) Based on movant's total offense level of 25 and a criminal history category of I, the guidelines range was 57 to 71 months, and in light of the mandatory minimum for count one, the advisory guideline range became 60 to 71 months. (PSR at 14.)

On February 21, 2012, the felony information was filed, in which movant was charged with conspiracy to manufacture at least 100 marijuana plants, and structuring transactions to evade reporting requirements, movant waived an indictment, and the plea agreement was filed. Thus, movant was allowed to plead guilty to lesser charges, which resulted in the application of more favorable sentencing guidelines and a lower sentence.

Here, plaintiff was allowed to plead guilty to one count of conspiracy to manufacture at least 100 marijuana plants, and the lesser charge of structuring transactions to evade reporting requirements, resulting in a shorter prison sentence. Moreover, the government requested a downward departure, admittedly modest, which resulted in movant's sentence being reduced from 60 months to 49 months. Because of the reduction in charges and the reduced prison sentence

movant received, the court finds unavailing movant's claim that he did not receive the benefit of his plea bargain.

### C. October 10, 2012 Arrest Warrant

Finally, movant raises claims based on the October 10, 2012 arrest warrant issued by Magistrate Judge Brennan. Specifically, movant alleges that his Fourth Amendment rights were violated because his arrest on October 10, 2012, was not supported by probable cause. (ECF No. 224 at 37.) Movant failed to address such claims in his opposition, and respondent argues such claims are now abandoned.

In addition to the waiver discussed above, movant is barred from raising this challenge due to his guilty plea. Movant waived all claims in connection with the 2012 arrest warrant when he pled guilty. See United States v. Broce, 488 U.S. 563, 569 (1989) (once conviction is final, "inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary"); United States v. Montilla, 870 F.2d 549, 552 (9th Cir. 1989) ("As a general rule, a guilty plea erases claims of constitutional violation arising before the plea."); see also United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981) (Fourth Amendment claims are barred in § 2555 proceedings), citing Tisnado v. United States, 547 F.2d 452, 455-56 (9th Cir. 1976) (same), and Stone v. Powell, 428 U.S. 465, 494 (1976). Movant had a full and fair opportunity to challenge the 2012 arrest warrant during the district court proceedings, yet failed to do so. Therefore, movant's claims based on the 2012 arrest warrant are barred.

### D. Alternative Arguments

Because movant waived his right to file a collateral challenge under 28 U.S.C. § 2255, the court need not address the parties' alternative arguments.

### E. Conclusion

In light of the above, the undersigned recommends that respondent's motion to dismiss be granted, and that the § 2255 motion be dismissed based on movant's waiver of his right to file such a challenge.

////

1       Accordingly, IT IS HEREBY ORDERED that the July 24, 2014 hearing on respondent's
2  motion to dismiss is vacated; and
3       IT IS RECOMMENDED that:
4       1. Respondent's motion to dismiss (ECF No. 225) be granted, and the amended motion
5  (ECF No. 224) be dismissed; and
6       2. The Clerk of the Court be directed to close companion civil case No. 2:12-cv-1512
7  MCE KJN P.
8       These findings and recommendations are submitted to the United States District Judge
9  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
10 after being served with these findings and recommendations, any party may file written
11 objections with the court and serve a copy on all parties.  Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
13 objections shall be filed and served within fourteen days after service of the objections.  The
14 parties are advised that failure to file objections within the specified time waives the right to
15 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
16 Dated:  July 23, 2014

18 /hilk0412.mtd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE